**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHEVRON MINING INC.,

     Plaintiff,

v.                                      No. 13-cv-00328 MCA/SMV

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF THE INTERIOR,
UNITED STATES DEPARTMENT OF AGRICULTURE,

     Defendants.

# STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

It is hereby Ordered that this Protective Order Regarding Confidential Information ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action (the "Action").

1.     Entry of this Protective Order is appropriate because Chevron Mining Inc. ("CMI") contends that information and documents relevant to the allegations and defenses in this matter contain sensitive business and other confidential and proprietary information. This Protective Order is also appropriate to protect confidential and proprietary information that may be present in discovery sought from non-parties or the United States. Under this Protective Order, the United States and CMI (hereinafter referred to collectively as "Parties") may seek documents and information from non-Parties that such non-Parties consider confidential, and the Parties intend for such non-Party confidential information to be disclosed under the terms of this Protective Order.

The terms of the Protective Order shall also apply to documents produced by the Parties or non-Parties that they consider confidential.

2.     The procedures described herein shall be adopted with respect to certain documents and other information produced and/or disclosed in this Action.  Except to the extent required by law, court order, or other lawful process (including, but not limited to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and applicable federal agency regulations implementing FOIA), this Protective Order shall apply to all Discovery Material (as defined in Paragraph 3, below) that is "Confidential Information" (as defined in Paragraph 4, below) and that any Party or non-Party marks as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL BUSINESS INFORMATION" in accordance with this Protective Order.  The Parties agree that after entry of this Protective Order, only "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)" shall be used to mark Confidential Information.  A Party or non-Party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator" or a "Designating Party."  A Party or non-Party who receives any Confidential Information is hereinafter referred to as a "Receiving Party."

3.     For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery).  Discovery Material shall also include any documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request.

4.      For purposes of this Protective Order, the term "Confidential Information" means Discovery Material which is marked as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL BUSINESS INFORMATION" in accordance with Paragraph 8 or 9, and which contains confidential business or trade secret information entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c)(1), 5 U.S.C. § 552(b)(4) and (9), 18 U.S.C. § 1905, or any other statute, regulation, applicable court order or rule, or common law rule restricting disclosure.  No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

5.      If any non-Party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Information, then the non-Party may designate such material as confidential in accordance with Paragraph 8.  Non-Party Confidential Information designated as such, or any copy, excerpt, or summary thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order.  Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality and bears the burden of establishing its claim to confidentiality in such proceedings.

6.      No Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall be used for any business, commercial, competitive, or personal purposes.  No Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall be disclosed by the person receiving it to any other

person in this or any other action without the prior written consent of the Designator or an order of the Court, except to the following:

     i.    Counsel for the Parties;

     ii.    Counsel's employees;

     iii.    Parties and employees of the Parties;

     iv.    Litigation consultants and contractors, and persons designated as expert witnesses;

     v.    This Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order;

     vi.    Stenographers, videographers, or other persons preparing transcripts of testimony;

     vii.    Witnesses or potential witnesses not otherwise included under clause 6.iii; and

     viii.    Temporary and permanent law clerks, non-employee paralegals and clerical personnel retained by Counsel for either Party, and outside vendors, including their employees, retained by Counsel for either Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services, provided that each person in this subparagraph is otherwise legally bound to treat the Confidential Information with a level of confidentiality that is substantially similar to that required under this Protective Order.

     7.    With the exception of those persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b)

such person has agreed to be bound thereto and executed the agreement attached hereto as Exhibit A.

Persons indicated on the face of Confidential Information as having been the authors or recipients of such documents need not execute Exhibit A before being provided access to such information.  Counsel for each Party shall obtain and retain executed copies of the agreements attached as Exhibit A from each person, other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, to whom it discloses or has disclosed any Confidential Information other than its own Confidential Information.

With respect to any Discovery Material designated as Confidential Information by a Party prior to the execution and issuance of this Protective Order by the Court, each Party shall be obligated to follow the provisions of this Protective Order with respect to such Confidential Information, including obtaining and retaining executed copies of the agreements attached as Exhibit A from each person, other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, to whom it disclosed any Confidential Information other than its own Confidential Information.

If any Party:  (1) has disclosed or is aware of any disclosure of Confidential Information to any person not listed in Paragraph 6; or (2) is unable to obtain an executed copy of Exhibit A from any person to whom it disclosed Confidential Information prior to the execution and issuance of this Protective Order by the Court, other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, such Party shall immediately:  (1) notify the Designator in writing of such disclosure; (2) use their best efforts to recover any Confidential Information provided to such person; and (3) continue to use their best efforts to obtain and retain executed copies of the agreements attached as Exhibit A.

8.      Any Discovery Material considered by a Party or non-Party to be confidential or to contain Confidential Information shall be marked "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL BUSINESS INFORMATION," or for Discovery Material marked on or after entry of this Protective Order, "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," in a readily visible or noticeable manner.  In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service.  Any Party photocopying or otherwise duplicating Confidential Information marked "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL BUSINESS INFORMATION" shall ensure that the "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL BUSINESS INFORMATION" designation appears clearly on any such copies or duplicates it makes.

9.      Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order.  Any testimony given in any deposition which constitutes Confidential Information may be designated as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)"  by any Party or non-Party by making such designation on the record.  A Party or non-Party may also make such designation in writing to the court reporter if the designations

6

are made within ten (10) business days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of Record.  All deposition testimony and exhibits are to be treated as Confidential Information unless and until: (1) any Party or non-Party designates any portion thereof as Confidential Information; or (2) the ten (10) business day designation period expires, whichever occurs first. With respect to any depositions that take place before both parties have executed this Protective Order, such designations shall be made no later than fifteen (15) business days after both parties execute this Protective Order, and the designated material shall be treated as Confidential Information in accordance with the terms of this Protective Order, pending entry of the Order approving this Protective Order.  At the Designator's expense, the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," and seal it in a separate envelope.  Whenever any Confidential Information is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not previously been marked, and appropriately sealed.  Only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, shall be entitled to obtain copies of that portion of the transcript and/or exhibit.  A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

10.     All Parties, their Counsel, and all persons designated in Paragraph 6, above, who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons

authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

11.     Whenever Confidential Information is to be referred to or disclosed in a hearing or trial proceeding, any Party or non-Party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive Confidential Information under this Protective Order.  In addition, any Party or non-Party may move the Court to designate any testimony which constitutes Confidential Information given in such hearing or trial proceeding as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," and seal it in a separate envelope.  Whenever any document which constitutes Confidential Information and is designated as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)," "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL BUSINESS INFORMATION" is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Action, any Party or non-Party may move that it be so marked if it has not previously been marked and appropriately sealed.  Where the Receiving Party does not object pursuant to Paragraph 13, or where the Court rules that such material is entitled to protection from disclosure under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, shall be entitled to obtain copies of that portion of the

transcript and/or exhibit.  A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

12.     Other than a non-Party designated in Paragraph 6 who seeks disclosure of Confidential Information under this Protective Order, should any non-Party seek disclosure of Confidential Information from the United States or CMI by way of subpoena, bona fide discovery request, request pursuant to the Freedom of Information Act ("Discovery Request"), or otherwise, the United States or CMI shall, by hand delivery, facsimile or e-mail transmission, send that portion of the Discovery Request relating to the request for Confidential Information to the Counsel for the Designator promptly upon concluding that such Discovery Request may call for the production of Confidential Information.  (Notice shall also be given to Counsel for the Parties if the Designator is a non-Party.)  Unless the Designator responds in writing that it does not object to release of its information to the non-Party, the United States or CMI will inform the non-Party that the information requested is Confidential Information protected by this Order and that the non-Party will have to seek an appropriate ruling from the Court or a confidentiality determination under applicable regulations implementing FOIA.  Notwithstanding any action or omission of any Party or non-Party related in any way to this litigation or enforcement action, including express waivers of confidentiality, the Parties reserve the right to assert that no waiver of confidentiality has occurred for any other purpose, including for determinations made under applicable regulations implementing FOIA.

13.     Any Party may at any time notify a Party or non-Party asserting a claim of confidentiality, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of the Party's objection to the designation of any information, documents, or

testimony as confidential, including the basis for its objection and reference to the specific bates numbers for documents or specific page numbers for deposition testimony.  In that event, the objecting Party will continue to treat such Confidential Information in accordance with this Protective Order for ten (10) business days, during which time the Designator may serve a letter on the objecting Party, by email, facsimile, or hand delivery requesting a pre-filing conference of counsel.  If a written request for a pre-filing conference of counsel is not served on the objecting Party within ten (10) business days of service of the objecting Party's challenge, the objecting Party shall no longer be obligated to treat the documents, testimony or information as Confidential Information in accordance with this Protective Order.  If a written request for a pre-filing conference of counsel is served within ten (10) business days, the objecting Party will continue to treat such information in accordance with the provisions of this Protective Order through the date of the pre-filing conference of counsel, which shall take place within ten (10) calendar days of service of the Designator's letter.   If the challenge cannot be expeditiously and informally resolved during the pre-filing conference of counsel, the objecting Party will continue to treat such Confidential Information in accordance with this Protective Order for fifteen (15) calendar days, during which time the Designator may move for a protective order.  If the Designator does not move for a protective order within fifteen (15) calendar days of the pre-filing conference of counsel, the objecting Party shall no longer be obligated to treat the documents, testimony or information in accordance with this Protective Order.  If the Designator moves for a protective order within fifteen (15) calendar days, the objecting Party will continue to treat such information as Confidential Information in accordance with the provisions of this Protective Order  until the motion for a protective order is ruled upon or withdrawn.  The Designator shall have the burden of proof to establish that the designated material constitutes

Confidential Information pursuant to Fed. R. Civ. P. 26(c)(1), 5 U.S.C. § 552(b)(4) and (9), 18 U.S.C. § 1905, or any other statute, regulation, applicable court order or rule, or common law rule restricting disclosure, is in fact confidential and is entitled to confidential treatment.

No Party in this Action shall be obliged to challenge the propriety of the designation of any Confidential Information.  Failure to bring such challenge shall not preclude any subsequent objection to the designation and shall not preclude any motion to seek permission from the Designator or the Court to disclose such Confidential Information to persons other than those listed in Paragraph 6.  Nothing herein shall affect either Party's right to seek modification of this Protective Order.

14.     Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to the information so disclosed.  A Party or other person making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered.  Upon receiving written notice that Confidential Information has been inadvertently produced, all such information, and all copies in its possession, shall be marked by the Party or non-Party receiving the Confidential Information as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER IN CASE NO. 1:13-CV-00328 (D.N.M.)" and shall be subject to this Protective Order.  Disclosure by a Party of the document or information prior to receipt of written notice that Confidential Information has been inadvertently produced by the Designator shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken by the Parties to protect such inadvertently disclosed information after notification is received from the Designator in accordance with this Protective Order, including use of best

efforts to obtain and retain executed copies of the agreement attached as Exhibit A from any unauthorized recipients of Confidential Information.

15.     Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of this Court.

16.     Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise modifying this Protective Order.  This Protective Order may be amended by the agreement of Counsel for the Parties in the form of a filed stipulation, subject to approval of such amendments by the Court.

17.     This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-Party considers to be "Confidential Information."   It does not constitute a determination that documents or information so designated are "Confidential Information."   Nothing in this Order shall prejudice in any way the right of any Party to challenge the designation or to seek a court determination or a determination pursuant to applicable FOIA regulations of whether particular documents, information or testimony are Confidential Information that should remain subject to the terms of this Protective Order.  Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

18.     Nothing in this Protective Order requires such motion or supporting memoranda to be filed under seal, except those portions that refer to or contain information that has been designated as Confidential Information.  In the event that a Party files a motion or other filing

that relies on or contains Confidential Information ("Filing Party"), the Filing Party must either A) lodge the portions of the motion, supporting memorandum, or exhibits that refer to or contain information that has been designated as Confidential Information under seal and simultaneously move for leave of the Court to have those portions of the document filed under seal; or B) consistent with Section 9(h) of the CM/ECF Administrative Procedures Manual  for the District of New Mexico, redact and file unsealed the portions of the motion, supporting memorandum, or exhibits that refer to or contain information that has been designated as Confidential Information, and simultaneously file such portions under seal pursuant to Federal Rule of Civil Procedure 5.2(f).   Under either approach, the Filing Party shall note that the document(s) has been designated Confidential Information pursuant to this Protective Order, and the Designating Party shall bear the burden of providing any necessary support to keep the document(s) filed under seal.  A Party who wishes to file a document designated as Confidential Information, but not have it sealed, must comply with the process set forth in paragraph 13, and have the Court reach a ruling, before it may file any material designated as Confidential Information without filing it under seal.

19.    Nothing in this Protective Order shall limit or affect the right of a Designator to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information.

20.    Nothing in this Protective Order shall limit or affect the right of the United States to make a confidentiality determination under applicable FOIA regulations for information designated as confidential by CMI or any non-Party, other than the Receiving Party's obligations under Paragraph 12 to promptly notify the Designating Party that a non-Party, other than a non-Party designated in Paragraph 6 who seeks disclosure of Confidential Information under this Protective Order, may be seeking disclosure of the Designating Party's Confidential Information.

21.     Unless otherwise ordered or agreed in writing by the Designating Party, within 120 calendar days after the final termination of this action, i.e., after there is a formal judgment no longer subject to appeal, each Party must return or provide written certification of destruction of all Confidential Information to the Designating Party, except that the United States shall retain Confidential Information as may be necessary to comply with applicable law (including, but not limited to, the Federal Records Act and FOIA).   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, trial exhibits, correspondence or attorney work product, even if such materials contained Confidential Information.  If any Party retains Confidential Information following the conclusion of this Action, it shall continue to be subject to this Protective Order so long as it retains such Confidential Information.

22.     Notwithstanding the foregoing, the United States may also share any factual information learned in this case among its various federal departments, agencies, or instrumentalities for any appropriate purpose authorized by law, including but not limited to law enforcement, and informing decision-makers and making recommendations within the Department of Justice and among agencies regarding the litigation or settlement of this case. In sharing Confidential Information pursuant to this paragraph, the United States shall treat such information as Confidential Information under the terms of this Protective Order.

Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Party they represent and by those acting on its behalf.

IT IS SO ORDERED this 21st day of May, 2014.

THE HONORABLE STEPHAN M. VIDMAR

_____

United States Magistrate Judge

APPROVED:

MODRALL, SPERLING, ROEHL, HARRIS
  & SISK, PA

By:  */s/ Jennifer G. Anderson*
Jennifer G. Anderson
Alex C. Walker
Jeremy K. Harrison
500 Fourth Street NW, Suite 1000 (87102)
P.O. Box 2168
Albuquerque, NM 87103-2168
Telephone:  505.848.1809
Facsimile:  505.848.1899
jga@modrall.com
acw@modrall.com
jkh@modrall.com

CROWELL & MORING LLP
R. Timothy McCrum
Kirsten L. Nathanson
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Phone:  202.624.2500
Fax:  202.628.5116
rmccrum@crowell.com
knathanson@crowell.com

*Electronically Approved May 21, 2014*

SAM HIRSCH
Acting Assistant Attorney General

By: */s/ Dustin J. Maghamfar*
John E. Sullivan
Justin D. Heminger
Dustin J. Maghamfar
Simi Bhat
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: 202.305.0365
Fax: 202.514.8865
john.sullivan3@usdoj.gov
justin.heminger@usdoj.gov
dustin.maghamfar@usdoj.gov
simi.bhat@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


CHEVRON MINING INC.,

      Plaintiff,

v.                                           No. 13-cv-00328 MCA/SMV

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF THE INTERIOR,
UNITED STATES DEPARTMENT OF AGRICULTURE,

      Defendants.


# PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

## EXHIBIT A


      The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order Regarding Confidential Information entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order, and any amendments thereto as if fully set forth herein, including, without limitation, that I shall not use Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to counsel supplying me with said Confidential Information, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Confidential Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information that have not previously been destroyed by me and certify to such Counsel that all Confidential Information in my possession has been returned to such Counsel or

destroyed; that I shall not make any copies of Confidential Information for any purpose not permitted by the Protective Order; and that I shall not provide Confidential Information to anyone else who has not executed this Agreement or who, pursuant to paragraph 6 of the Protective Order is not entitled to receive Confidential Information without executing this Agreement.  I further understand that I shall remain bound by the Protective Order after the conclusion of this Action unless otherwise ordered by the Court.  I understand that violation of this Protective Order may constitute contempt of a Court Order.


Dated this ____ day of _____, 20____.


_____
SIGNATURE

_____
PRINTED NAME

ADDRESS: