UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHEVRON MINING INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 1:13-cv-00328-PJK-JFR |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the court on the United States' Motion for Summary Judgment on Allocation filed June 22, 2020 (U.S. Mot.).[1] ECF No. 193. The court, being fully advised in the premises and the relevant law, finds that the government's motion is not well taken and should be denied.

**Background**

This case concerns the operation of a molybdenum mine near Questa, New Mexico by the predecessor in interest of Plaintiff Chevron Mining, Inc. (Chevron) — Molycorp, Inc. (Molycorp) — from 1919 to 2014. Chevron asserted claims under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)

---

[1] The case was transferred to the undersigned on April 23, 2021. ECF No. 204.

against the government for cost recovery, contribution, and a declaratory judgment related to the remediation of waste generated by the mine. First Am. Compl. 30–33 (ECF No. 32).

In 2013, this court bifurcated proceedings into two phases: (1) a phase to resolve the liability of the United States, and (2) if needed, an equitable allocation phase. ECF No. 34 at 3; ECF No. 39. In 2015, the district court granted summary judgment in favor of the government holding that the government was not liable under CERCLA either as a past owner or arranger. Chevron Mining, Inc. v. United States, 139 F. Supp. 3d 1261 (D.N.M. 2015). On appeal, the Tenth Circuit affirmed in part and reversed in part, holding that although not liable as an arranger, the government could be liable as past owner. Chevron Mining Inc. v. United States, 863 F.3d 1261, 1284 (10th Cir. 2017). The court of appeals noted that "the government engaged in much more than mere passive ownership here." Id. at 1278. The case was remanded to determine the United States' equitable share of the clean-up costs, if any, of the Questa Mine Superfund Site (Questa Site). Id. at 1266. The clean-up costs consist of remediating waste rock and tailings ponds that were generated by the mining activity at the Questa Site.

## Discussion

The parties are familiar with the facts, so the court need not restate them here. The government moves for summary judgment on the theory that Chevron should bear all of the clean-up costs because Chevron not only owned and operated the mine, but it also generated and disposed of the waste rock and tailings. U.S. Mot. at 1. In the alternative,

should the court decide that the government is responsible for some small share of the clean-up costs, the government urges that summary judgment still is appropriate because the equitable apportionment could be done on the record as opposed to after a bench trial. U.S. Mot. 44–45.

In determining the allocation of costs under CERCLA, this court has broad discretion to consider "such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1). Some factors commonly considered by courts include the degree of involvement by the parties in generating the waste, the culpability of the parties, the benefits that redounded to the parties from the disposal of the waste, and knowledge or acquiescence of the parties in the contaminating activities. See, e.g., United States v. Colo. & E. R.R. Co., 50 F.3d 1530, 1536 n.5 (10th Cir. 1995); Lockheed Martin Corp. v. United States, 35 F. Supp. 3d 92, 123–24 (D.D.C. 2014), aff'd, 833 F.3d 225 (D.C. Cir. 2016).

The court has considered the parties' submissions in accordance with Fed. R. Civ. P. 56(a) and the standards set forth in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Because genuine issues of material fact exist at this time, further proceedings will be required.

NOW, THEREFORE, IT IS ORDERED that the United States' Motion for Summary Judgment on Allocation filed June 22, 2020 (ECF No. 193) is denied.

DATED this 19th day of May 2021 at Santa Fe, New Mexico.

Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Tsuki Hoshijima and John Edward Sullivan, Trial Attorneys, U.S. Department of Justice, Environment and Natural Resources Division, Environmental Defense Section, Washington D.C., for Defendants.

Jennifer G. Anderson, Modrall Sperling, Albuquerque, New Mexico; Mark Hopson, Gordon Todd, and Ellen Crisham Pellegrini, Sidley Austin LLP, Washington D.C.; and R. Timothy McCrum and Kirsten L. Nathanson, Crowell & Moring LLP, Washington, D.C., for Plaintiff.