UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHEVRON MINING INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 1:13-cv-00328-PJK-JFR |

**ORDER**

THIS MATTER is before the court on the United States' Motion for Clarification filed May 26, 2021 (U.S. Mot.).[1]  ECF No. 207.  The court, being fully advised in the premises and the relevant law, finds that the government's motion is not well taken and should be denied.

## Background

This case concerns the operation of a molybdenum mine near Questa, New Mexico by the predecessor in interest of Plaintiff Chevron Mining, Inc. (Chevron) — Molycorp, Inc. (Molycorp) — from 1919 to 2014.  Chevron asserted claims under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) against the government for cost recovery, contribution, and a declaratory judgment

---

[1] The case was transferred to the undersigned on April 23, 2021.  ECF No. 204.

related to the remediation of waste generated by the mine.  First Am. Compl. 30–33 (ECF No. 32).

In 2013, this court bifurcated proceedings into two phases: (1) a phase to resolve the liability of the United States, and (2) if needed, an equitable allocation phase.  ECF No. 34 at 3; ECF No. 39.  In 2017, the Tenth Circuit concluded that the government could be liable as past owner.  Chevron Mining Inc. v. United States, 863 F.3d 1261, 1284 (10th Cir. 2017).  This resolved the first phase of the proceedings and the Tenth Circuit remanded to determine the government's equitable share of the clean-up costs, if any, of the Questa Mine Superfund Site (Questa Site).  Id. at 1266.

In 2020, the government moved for summary judgment contending that Chevron should bear all (or substantially all) of the clean-up costs because it not only owned and operated the mine, but also generated and disposed of the waste.  Chevron Mining Inc. v. United States, No. 1:13-cv-00328-PJK-JFR, 2021 WL 1999479, at *1 (D.N.M. May 19, 2021).  This court denied summary judgment because genuine issues of material fact existed.  Id. at *2.

## Discussion

The government has requested the court to articulate the reasoning for its decision denying summary judgment.  U.S. Mot. 2.  The government argues that specifying which facts are subject to genuine dispute would aid in narrowing issues for trial or in facilitating settlement discussions.  U.S. Mot. 2–3.

The court recognizes the laudable purpose of the directive that "The court should state on the record the reasons for granting or denying the motion."  Fed. R. Civ. P. 56(a).

The Advisory Committee Notes to this 2010 amendment to Rule 56 also make it clear that "[t]he form and detail of the statement of reasons are left to the court's discretion." Recognizing that the court has broad discretion to consider many equitable factors in calculating allocation, United States v. Colo. & E. R.R. Co., 50 F.3d 1530, 1536 (10th Cir. 1995), the court will consider the totality of the relevant evidence at trial and then determine what factors are relevant to cost allocation.

 NOW, THEREFORE, IT IS ORDERED that the United States' Motion for Clarification filed May 26, 2021 (ECF No. 207) is denied.

 DATED this 16th day of June 2021 at Santa Fe, New Mexico.

        Paul Kelly, Jr.
        United States Circuit Judge
        Sitting by Designation