UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHEVRON MINING INC.,<br><br>      Plaintiff/Counter-Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR, UNITED STATES<br>DEPARTMENT OF AGRICULTURE,<br><br>      Defendants/Counter-Claimants. | No. 1:13-cv-00328-PJK-JFR |

**ORDER**

THIS MATTER comes before the court on the United States' Motion to Exclude Chevron's Cumulative Expert Testimony and Undisclosed Expert Opinions filed November 5, 2021.  ECF No. 233.  Upon consideration thereof, the motion should be granted in part and denied in part.

The government contends that some of the testimony of Chevron's expert witnesses overlaps.  This includes testimony from a mineral economist (Dr. Timothy Considine), a mining engineer (Dr. Neal Rigby), a mining management expert (David Fredley), a geologist (Dr. Robert Haddad), and a former Molycorp employee (Gene Dewey).  The areas of overlap include testimony that (1) Molycorp would have been unlikely to discover the low-grade molybdenum ore that it mined through open pit

mining without the technical assistance and small loan Molycorp obtained through the Defense Minerals Exploration Administration ("DMEA"), and (2) the U.S. Forest Service should have agreed to Molycorp's plan to divert the Red River and State Highway 38 through tunnels and then fill in the Red River Valley with its waste rock because it would have been the cheapest and easiest solution for Molycorp.  The government argues that much of the testimony is cumulative, a waste of time, and it will suffer prejudice if the testimony is admitted.  The government also objects to Mr. Dewey testifying as an expert.

      The court declines to exclude the testimony of Chevron's experts.  District courts retain broad discretion in determining whether evidence is needlessly cumulative under Fed. R. Evid. 403.  <u>United States v. Watson</u>, 766 F.3d 1219, 1241 (10th Cir. 2014).  Chevron may support its theories with expert testimony from various disciplines.  Of course, the weight to afford such testimony is up to the court.

      Insofar as Mr. Dewey's testimony, the court views him as a fact witness.  <u>See</u> Fed. R. Evid. 701.  Mr. Dewey is being compensated by Chevron for his services, yet did not provide an expert report.  <u>See</u> Fed. R. Civ. P. 26(a)(2)(B).  The court is not persuaded that Chevron's disclosure under Fed. R. Civ. P. 26(a)(2)(C) can solve this problem.  While Mr. Dewey may testify to what he observed as a Molycorp employee, he may not testify to the efficacy of the Red River Valley waste rock disposal plan nor adopt the testimony of other experts as consistent with his observations.

      NOW, THEREFORE, IT IS ORDERED that the United States' Motion to Exclude Chevron's Cumulative Expert Testimony and Undisclosed Expert Opinions filed

3

November 5, 2021 (ECF No. 233) is granted insofar as precluding Mr. Dewey's testimony as an expert witness and denied in all other respects.

    DATED this <u>2nd</u> day of December 2021, at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation