UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHEVRON MINING INC.,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendants/Counter-Claimants. | No. 1:13-cv-00328-PJK-JFR |

**ORDER**

THIS MATTER comes before the court on Plaintiff's (Chevron's) Motion in Limine to Exclude Improper Designation of Rule 30(b)(6) Deposition Testimony filed November 5, 2021.  ECF No. 234.  Upon consideration thereof, the motion (as subsequently narrowed by Chevron's reply brief, ECF No. 241) is well taken and should be granted.

Chevron contends that the government may not use the deposition testimony of its Fed. R. Civ. P. 30(b)(6) designees as part of its case-in-chief.  Those designees are Tracy Parker for the USDA/USFS and Thomas Crafford for the DOI/DMEA.  A party's Rule 30(b)(6) testimony may be used against that party, see Fed. R. Civ. P. 32(a)(3), but otherwise is inadmissible hearsay, see Fed. R. Evid. 802.  However, where one party

offers part of a Rule 30(b)(6) deposition into evidence, the other party may "require the offeror to introduce other parts that in fairness should be considered with the part introduced." Fed. R. Civ. P. 32(a)(6); accord Fed. R. Evid. 106.  The main purpose of Rule 32(a)(6) is to avoid testimony that presents evidence out of context or leads to misinterpretation of the evidence by the trier of fact.  See 8A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2148 (3d ed. 1998).  Here, it is the government's burden to show that its counter-designations are admissible under Rule 32(a).  See Garcia-Martinez v. City & Cnty. of Denver, 392 F.3d 1187, 1191 (10th Cir. 2004).

Although the government contends that all of its counter-designations are required to provide context to Chevron's designations, the court has carefully reviewed the remaining counter-designations at issue and finds that they are not necessary to avoid misinterpretation of the evidence or for completeness based on Chevron's affirmative designations.

Accordingly, the following designations should be stricken:

| DMEA 30(b)(6) (Crafford) | USFS 30(b)(6) (Parker) |
|---|---|
| 34:16 – 35:11 | 12:11 – 13:9 |
| 85:6 – 17 | 15:17 – 18:24 |
| 86:19 – 87:6 | 64:2 – 21 |
| 88:17 – 89:4 | |
| 124:16 – 125:1 | |
| 153:3 – 20 | |
| 154:15 – 155:7 | |
| 265:19 – 268:20 | |
| 269:22 – 270:8 | |

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion in Limine to

Exclude Improper Designation of Rule 30(b)(6) Deposition Testimony filed November 5, 2021 (ECF No. 234) is granted as set forth above.

    DATED this <u>2nd</u> day of December 2021, at Santa Fe, New Mexico.

                                            <u>/s/ Paul Kelly, Jr.</u>
                                            United States Circuit Judge
                                            Sitting by Designation