# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHEVRON MINING INC.,

      Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,

      Defendants.

No. 1:13-cv-00328-PJK-JFR

## ORDER CONCERNING CHEVRON'S MOTION TO STRIKE EXPERT TESTIMONY, OBJECTIONS TO EXPERT TESTIMONY, AND OBJECTIONS TO DEPOSITION DESIGNATIONS

THIS MATTER comes on for consideration of Plaintiff's Motion to Strike Testimony of Defendant's Expert Mary Sitton filed March 1, 2022 (ECF No. 260); Plaintiff's Specific Objections to Portions of the Testimony of Dr. Frederic Quivik filed March 1, 2022 (ECF No. 261); and Chevron's Objections to United States' Deposition Designations filed November 8, 2021 (ECF No. 235, App. A).  Upon consideration thereof, the Motion to Strike Testimony of Mary Sitton is denied; Plaintiff's Specific Objections to Dr. Quivik's Testimony are overruled; and Chevron's Objections to United States' Deposition Designations are sustained in part and overruled in part.

At the outset, the court notes that the Case Management Order set a deadline for pre-trial motions and motions in limine of November 5, 2021.  ECF No. 249, App. A. Several points Chevron raises regarding Ms. Sitton and Dr. Quivik could have been

raised at that time, rather than on the eve of trial.  Further, the parties have consistently stated to the court that no <u>Daubert</u> motions would be filed.  <u>See</u> ECF No. 249, at 2.  That said, the court acknowledges its role as a gatekeeper.  <u>See</u> <u>Goebel v. Denver & Rio Grande W. R.R. Co.</u>, 215 F.3d 1083, 1087–88 (10th Cir. 2000).

## I.  Motion to Strike Testimony of Defendant's Expert Mary Sitton

Chevron moves to strike portions of the direct testimony of the government's aerial photography analysis expert, Ms. Sitton.  Chevron contends that the court should strike portions of Ms. Sitton's direct testimony for three reasons: (1) portions of her testimony were not included in her Federal Rule of Civil Procedure 26(a)(2) initial and supplemental expert reports; (2) portions of her testimony go beyond her expertise in aerial photography analysis in violation of Federal Rule of Evidence 702; and (3) portions of her testimony are not relevant to the allocation of CERCLA costs in violation of Federal Rule of Evidence 401.  ECF No. 260, at 1.

### A.  <u>Federal Rule of Civil Procedure 26(a)(2)</u>

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert witness to disclose a written report containing: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them."  A party that fails to disclose the information required in Rule 26(a)(2) "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  A district court should exercise discretion in determining whether a Rule 26(a) violation is justified or harmless.  <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 953 (10th

Cir. 2002).  The following factors should be considered: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  Id. (quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)).

Upon review of the challenged testimony designated by Chevron in Exhibit 1 to its motion (ECF No. 260-1), the court finds that any violation of Rule 26(a) is harmless. The purpose of a Rule 26(a)(2) expert report is to "disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination."  Fed. R. Civ. P. 26(a)(2) advisory comm. note (1993).  Chevron has had ample time to prepare for effective cross examination; Ms. Sitton's direct testimony was initially filed on October 25, 2021.  ECF No. 231-2.  Allowing the testimony will not disrupt this bench trial, and there is no evidence that the government acted in bad faith.  Any failure to disclose under Rule 26(a)(2) is harmless, and these portions of Ms. Sitton's testimony will not be struck on that basis.

B. Federal Rule of Evidence 702

As a gatekeeper, this court must ensure that expert testimony "rests on a reliable foundation and is relevant."  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993).  "Rule 702 allows expert testimony only where the 'witness [is] qualified as an expert by knowledge, skill, experience, training, or education' to offer such opinions.'" LifeWise Master Funding v. Telebank, 374 F.3d 917, 928 (10th Cir. 2004) (quoting Fed.

R. Evid. 702).  Experts must possess experience or knowledge in their specific fields to establish a reliable foundation for their testimony.  See id.  Ms. Sitton describes herself as "an expert in analysis of historical and current aerial photography and geographic information systems mapping."  ECF No. 260-4, at 7.  She does not hold herself out to be an expert in environmental engineering, environmental law, hydrology, soil science, land patents, mining claims, economics, or CERCLA allocation.  ECF No. 260-4, at 7–8.

Chevron's main argument is that Ms. Sitton is "essentially reading" from the EPA's Record of Decision (ROD) in her direct testimony, and that she cannot serve as a "mouthpiece" for other expert witnesses.  ECF No. 260, at 14.  However, Ms. Sitton stated that she often relies on EPA documents in her experience as an expert witness, and that this is a common practice in her profession.  ECF No. 255-2, at 5.  Ms. Sitton may refer to the ROD in her testimony, especially given that the court has overruled the evidentiary objections pertaining to that document.  See ECF No. 254, at 2.  The court, aided by counsel, can readily distinguish between her opinions supported by her expertise and mere repetition of the ROD or other EPA documents.  The court recognizes the narrow field in which Ms. Sitton has been tendered as an expert and will scrutinize her testimony on more technical subjects.  These portions of Ms. Sitton's testimony will not be struck on that basis.

C.  Federal Rule of Evidence 401

"In essence, Rule 702 permits a court to admit expert testimony that is 'both reliable and relevant.'"  Sanderson v. Wyo. Highway Patrol, 976 F.3d 1164, 1172 (10th Cir. 2020) (quoting United States v. Rodriguez-Felix, 450 F.3d 1117, 1122 (10th Cir.

4

2006)).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "The bar for admission under Rule 401 is 'very low.'"  United States v. Jordan, 485 F.3d 1214, 1218 (10th Cir. 2007) (quoting United States v. McVeigh, 153 F.3d 1166, 1190 (10th Cir. 1998)).

Upon careful review of the testimony in this category as designated by Chevron in Exhibit 1 to its motion (ECF No. 260-1), the court finds that the testimony that references the tailings pipelines and eastern tailings disposal area will not be considered given the parties' evidentiary stipulation on this matter.  See ECF No. 185.  With respect to the testimony regarding remediation efforts, it is relevant to the cost allocation inquiry.

## II.   Plaintiff's Specific Objections to Portions of the Testimony of Dr. Frederic Quivik

Chevron objects to specific portions of the direct testimony of the government's industrial history of mining expert, Dr. Quivik.  Chevron contends that: (1) portions of Dr. Quivik's testimony go beyond his expertise as an industrial historian in violation of Federal Rule of Evidence 702; and (2) portions of Dr. Quivik's testimony were not included in his expert report or rebuttal expert report in violation of Federal Rule of Civil Procedure 26(a)(2).  ECF No. 261, at 3–6.

### A.   Federal Rule of Evidence 702

As mentioned, this court must ensure that expert testimony "rests on a reliable foundation and is relevant."  Daubert, 509 U.S. at 597.  Experts must possess experience or knowledge in their specific fields to establish a substantial foundation for their

testimony.  See <u>LifeWise Master Funding</u>, 374 F.3d at 928.  However, "a lack of specialization" within an area of practice "does not affect the admissibility of the opinion, but only its weight."  <u>Wheeler v. John Deere Co.</u>, 935 F.2d 1090, 1100 (10th Cir. 1991).  Dr. Quivik describes himself as an expert "in the history of mining and mineral processing."  ECF No. 261-3, at 9.  He does not hold himself out to be an expert in mining engineering or finance, economics, or geology.  ECF No. 261-2, at 7, 8, 10, 11.

Upon careful review of the testimony highlighted by Chevron in Exhibit 1 to its motion (ECF No. 261-1), the court finds that Dr. Quivik's testimony falls within his general expertise in the industrial history of mining and mineral processing.  The court recognizes the narrow field in which Dr. Quivik has been tendered as an expert.  The court will also consider the testimony of expert witnesses with particular expertise in mining engineering, mining finance, and government land management.  The objections to Dr. Quivik's testimony are overruled based on the above argument.

B.   <u>Federal Rule of Civil Procedure 26(a)(2)</u>

As mentioned above, a district court should exercise discretion in determining whether any Rule 26(a) violation is harmless based on considerations such as the prejudice to the opposing party, the extent of disruption to the trial, and the moving party's bad faith.  See <u>Jacobsen</u>, 287 F.3d at 953.  Upon careful review of the testimony highlighted by Chevron in Exhibit 1 to its motion (ECF No. 261-1), the court finds that any violation of Rule 26(a)(2) is harmless.  Chevron has had plenty of time to prepare for effective cross examination since Dr. Quivik's direct testimony was filed months ago.  ECF No. 231-1.  Introducing the testimony at issue would not disrupt this bench trial, and

there is no evidence that the government acted in bad faith.  The objections to Dr.
Quivik's testimony are overruled based on the above argument.

**Chevron's Objections to United States' Deposition Designations**

Chevron lodged objections to portions of the United States' deposition
designations for the depositions of Fred Galley and Roy Gandy, both former U.S. Forest
Service employees.  <u>See</u> ECF No. 235, App. A.  Upon careful consideration, the court
overrules Chevron's objections to the following deposition designations:

| <u>Fred Galley</u> | <u>Roy Gandy</u> |
|---|---|
| 238:22 – 239:20 | 121:19 – 25 |
| | 191:1 – 22 |
| | 198:17 – 199:1 |
| | 241:21 – 25 |
| | 242:1 – 7 |
| | 242:8 – 10 |
| | 252:12 – 19 |

 Chevron's objections to the following deposition designations are sustained.  The
court considers them impermissible cross-designations in violation of Federal Rule of
Civil Procedure 32(a)(6).

| <u>Fred Galley</u> | <u>Roy Gandy</u> |
|---|---|
| 154:15 – 155:15 | 104:5 – 105:5 |

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiff's Motion to Strike Testimony of Defendant's Expert Mary Sitton filed
March 1, 2022 (ECF No. 260) is denied;

(2)  Plaintiff's Specific Objections to Portions of the Testimony of Dr. Frederic
Quivik filed March 1, 2022 (ECF No. 261) are overruled; and

7

(3)  Chevron's Objections to United States' Deposition Designations filed November

8, 2021 (ECF No. 235, App. A) are sustained in part and overruled in part.

DATED this <u>8th</u> day of March 2022, at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation
